# HILL v. ALLEN.

---

### PATENTS; INTERFERENCE; DILIGENCE.

A party to an interference who was the first to conceive and disclose the invention, which was an improved mechanism for opening and closing the work-holding clamps of buttonhole sewing machines, was *held* lacking in diligence where the evidence showed that in the year prior to the conception and disclosure of the other party he conceived and disclosed the subject-matter of the issue and his draftsman embodied the disclosure in a sketch; that he then built and sold to his employer a machine which, however, did not contain any clamping mechanism; that thereafter he constructed another machine containing a clamp-closing mechanism, but patentably different from the clamp-closing mechanism of the issue; that at the request of his employer he constructed a third machine in accordance with the sketch theretofore made by his draftsman; that he was doing nothing to embody his early disclosure in practical form for a period of more than seven months after his adversary entered the field; and that he did not install the device of the issue in the second machine he made because he considered the mechanism he did install in it was more likely to meet the requirements of his employer, as evidenced by the fact that he subsequently applied for a patent on the clamp-closing mechanism of that machine.

No. 1077. Patent Appeals. Submitted May 14, 1917. Decided May 26, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. Horace Van Everen, Mr. Fred'k P. Fish,* and *Mr. Harrison F. Lyman* for the appellant.

*Mr. J. Edgar Bull* and *Mr. W. Lee Helms* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from concurrent decisions of the Patent Office tribunals in an interference proceeding involving ten claims, of which claim No. 4, here reproduced, is illustrative: "4. A buttonhole sewing machine, having, in combination, stitch-forming mechanism and a work-holding clamp, mechanism for actuating the stitch-forming mechanism and relatively moving it and the work-holding clamp to sew about a buttonhole, a cutter, a cutter-carrying lever, mechanism actuating the lever to move the cutter toward and from the material, and connection between said lever and clamp for closing the clamp by movement of the lever toward the material."

The Patent Office tribunals found Edward B. Allen's date of conception and disclosure as of September, 1910, and reduction to practice as early as September 15, 1911, and these findings are not here challenged. On the other hand, it is not disputed that appellant, George S. Hill, conceived and disclosed the subject-matter of the issue in the fall of 1909, when his draftsman embodied the disclosure in a sketch, the contention being that thereafter he was lacking in diligence, and this contention was sustained by each of the tribunals below.

In the fall of 1909 Mr. Hill built a buttonhole machine which, however, did not contain any clamping mechanism. This machine he later exhibited and sold to his present assignee, the United Shoe Machinery Company, and that company took him into its employ. Thereupon, in June of 1910, at the sug-

gestion of the company, he put aside this early machine and commenced to design a new machine. It is apparent from the evidence that he was given a free hand and all the time and assistance he required. The result of his activities was the completion of a new machine in the summer of 1911. This machine contained a clamp-closing mechanism, but patentably different from the clamp-closing mechanism of the issue. Evidently this machine was not entirely satisfactory to the company, for Mr. Hill was requested to make a still further effort. He then turned to the idea disclosed to his draftsman in the fall of 1909, which apparently had lain dormant in his mind during the intervening period. The third machine which he completed embodied the issue, but it will be seen that unless the work done on the second machine constitutes diligence, Mr. Hill was doing nothing to embody his early disclosure in practical form for a period of more than seven months after Allen's entry into the field in the fall of 1910.

As set forth in Mr. Hill's specification, the invention here involved is merely an "improved mechanism for opening and closing the work-holding clamps" of buttonhole sewing machines. In view of this and other facts and circumstances disclosed by the evidence, we are unable to accept appellant's explanation of his reasons for not installing this device in the 1911 machine. We are forced to the conclusion that his reason for not doing so was that he considered the mechanism which he did install more likely to meet requirements. As conclusive evidence of this, it is pointed out that Mr. Hill subsequently applied for a patent on the clamp-closing mechanism of that machine.

There being no real connection between the work done on the second and third machines, so far as the present invention is concerned, it follows that the Patent Office tribunals were right, and therefore we affirm their decision.        *Affirmed.*

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.